testify to the same facts, to which they had testified in the former trial, and that the evidence as taken down by the court stenographer might be produced at the trial. He denied, however, the truth of the evidence.

The City Solicitor admitted that the witnesses in question would testify substantially to the same facts as were testified to by them at the former trial and contended that the truth of the former evidence should be admitted or that a continuance be granted.

PER CURIAM. The affidavit presents a sufficient ground for continuance, unless the counsel for the plaintiff agree to admit the the truth of the testimony of the absent witnesses as delivered in the previous trial, as well as the fact that they would so testify at this trial. Let the case be continued.

CULLEN, J., dissented.

————•————

ANDREW T. TRAVIS vs. LAURA M. MEREDITH, owner or reputed owner, and WILLIAM A. RUTH, contractor.

New Castle County, Sept. Term, 1895.

**Mechanics' Lien. Contractor.**—Under a statute, authorizing the filing of mechanics' liens, all persons are sub-contractors, except those who have contracted directly with the owner or his agent.

This was a *scire facias* on a mechanics' lien for work and labor and materials furnished. The affidavit was filed before the expiration of ninety days, and stated that the contract of said

claimant was made with William A. Ruth, who contracted with Laura M. Meredith, the owner, for the erection and construction of the said store, building or structure.

*Hilles,* for the defendant, filed the following exception : " That it appears by the said statement that the said Andrew J. Travis was contractor within the meaning of the act entitled an act in relation to mechanics' lien, under which the said statement was filed, and that the said statement was filed before the expiration of ninety days from the time when the last materials were furnished and the last work and labor done and performed by said claimant and for which the said claim was filed." He moved to strike it from the record and cited 6 Houst. 353-477.

*Chandler,* for the plaintiff, contended that under the statute, all persons are considered sub-contractors, except those who have contracted directly with the owner or his agent.    15 Am. & Eng. Encyc. of L. 17.

*Motion refused.    Judgment granted.*